J-S28030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| KYLE BRIAN MCKITTRICK | : | |
| | : | |
| Appellant | : | No. 889 EDA 2021 |

Appeal from the Judgment of Sentence Entered February 10, 2021
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0000924-2020

BEFORE:   BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED NOVEMBER 08, 2021**

Kyle Brian McKittrick ("Appellant") appeals from the Judgment of Sentence imposed following his negotiated guilty plea to Aggravated Assault and Endangering the Welfare of Children.[1]  In addition, Appellant's counsel, Joseph F. Leeson, III, Esq., has filed a Motion to Withdraw from representation and an **Anders**[2] Brief. In the **Anders** Brief, appellate counsel indicates that Appellant challenges the trial court's imposition of consecutive rather than concurrent sentences. After careful review, we grant counsel's Motion to Withdraw and affirm the Judgment of Sentence.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(4) and 4304(a)(1), respectively.

[2] **Anders v. California**, 386 U.S. 738 (1967).  **See also Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009) (applying **Anders**).  Although counsel has labeled the brief "Brief for Appellant," we refer to it throughout this Memorandum as an **Anders** Brief.

On October 6, 2020, Appellant entered the above plea, acknowledging that one night in January 2020, he broke down the door to his house after his wife told him their marriage was over and held his now ex-wife at gunpoint threatening to kill her while his then-15-year-old son screamed at him not to shoot. The court ordered a mental health evaluation, batterer's assessment, and a pre-sentence investigation.

On February 10, 2021, the court sentenced Appellant to an aggregate term of 3½ to 7 years' incarceration followed by a term of 5 years' probation (2 to 4 years' incarceration for the Aggravated Assault conviction plus 5 years' probation, and a consecutive term of 1½ to 3 years' incarceration for Endangering the Welfare of Children). Both sentences fall within the standard range of the sentencing guidelines. *See* N.T. Sentencing, 2/10/21, at 40, 42.

Appellant filed a *pro se* Post-Sentence Motion seeking reconsideration of his sentence, and trial counsel filed a Motion to Withdraw. The court denied the Motion for Reconsideration and granted counsel's Motion to Withdraw.

Attorney Leeson entered his appearance and timely filed a Notice of Appeal on Appellant's behalf. The court ordered Appellant to file a Pa.R.A.P. 1925(b) Statement. Counsel instead filed by a "Statement of Intent to File an *Anders/Santiago* Brief" pursuant to Pa.R.A.P. 1925(c)(4). Counsel subsequently filed a Motion to Withdraw and the *Anders* Brief. Appellant did not respond.

In the **Anders** Brief, appellate counsel asks us to consider whether "the sentencing court abuse[d] its sentencing discretion based on the consecutive nature of the sentencing court's aggregate sentence[.]" **Anders** Brief, at 11.

As a preliminary matter, we address appellate counsel's request to withdraw as counsel. "When presented with an **Anders** Brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010). In order for counsel to withdraw from an appeal pursuant to **Anders**, our Supreme Court has determined that counsel must meet the following requirements:

(1)    provide a summary of the procedural history and facts, with citations to the record;

(2)    refer to anything in the record that counsel believes arguably supports the appeal;

(3)    set forth counsel's conclusion that the appeal is frivolous; and

(4)    state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Counsel has complied with the mandated procedure for withdrawing as counsel. Additionally, counsel confirms that he sent Appellant a copy of the **Anders** Brief and Petition to Withdraw, as well as a letter explaining to Appellant that he has the right to retain new counsel, proceed *pro se*, and to

raise any additional points. *See Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005) (describing notice requirements).

Because counsel has satisfied the above requirements, we will address the substantive issue raised in the *Anders* Brief. Subsequently, we must "make a full examination of the proceedings and make an independent judgment as to whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5 (citation omitted). *See also Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (noting *Anders* requires the reviewing court to "review 'the case' as presented in the entire record with consideration first of issues raised by counsel").

In the *Anders* Brief, counsel reiterates Appellant's challenge to the consecutive nature of the sentences that Appellant raised in his Post-Sentence Motion. *Anders* Brief at 21. A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Hunter*, 768 A.2d 1136, 1144 (Pa. Super. 2001). Prior to reaching the merits of a discretionary sentencing issue:

> We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* [Pa.R.Crim.P. 720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[]. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006) (citations omitted).

In the instant case, Appellant has satisfied the first three requirements by filing a timely Notice of Appeal, properly preserving the issue in a Post-Sentence Motion to modify his sentence, and by including a Rule 2119(f) Statement in the Brief to this Court.

As to whether Appellant has presented a substantial question, we note:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and quotation marks omitted).

It is well-settled that a bare challenge that the trial court erred in imposing consecutive rather than concurrent sentences does not raise a substantial question. *Commonwealth v. Zirkle*, 107 A.3d 127, 133-34 (Pa. Super. 2014); *Moury*, *supra* at 171-72 ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.").

Here, because the court sentenced Appellant within the standard range of the sentencing guidelines, we cannot conclude the aggregate sentence is unduly harsh. Considering the nature of the crimes, *i.e.*, terrorizing and

threatening to shoot and kill his wife, and doing so in front of their child, the aggregate sentence of 3½ to 7 years' incarceration does not come close to unduly harsh. We, thus, agree with counsel that Appellant's sentencing challenge does not present a substantial question and is frivolous.

After conducting our independent review as required pursuant to **Yorgey**, **supra**, we discern no non-frivolous issues to be raised on appeal. We, therefore, grant counsel's Petition to Withdraw and affirm the Judgment of Sentence.

Judgment of Sentence affirmed. Petition to Withdraw granted.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 11/8/2021*